STANHOPE CONTRACTING COMPANY, Appellant, v. THE CITY OF NEW YORK, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Jenks, P. J., Mills, Putnam, Kelly and Jaycox, JJ.

STEPHEN A. WHISTEN, Appellant, v. COLIN M. EADIE, Respondent.— Motion dismissed, without costs. The proper practice is an application to the court in which the action was tried. Present — Jenks, P. J., Mills, Putnam, Kelly and Jaycox, JJ.

CARMINE BUFANO and Others, Appellants, v. MARY J. BLASO and Another, Respondents.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills,. Rich, Kelly and Jaycox, JJ.

JOHN M. CAMPANA, Respondent, v. MARIE MERTZ, Appellant.— Judgment and order of the County Court of Westchester county reversed, and new trial ordered in said court, with costs to abide the event, upon the ground that the finding that plaintiff was free from contributory negligence which the verdict imports was against the weight of the evidence, even as established by plaintiff's own testimony. Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ., concur.

CORNELIUS CASSIN, Appellant, v. STILLMAN, DELEHANTY, FERRIS COMPANY, Respondent.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Mills, Rich and Putnam, JJ., concur; Kelly, J., reads for reversal.*

CONRAD P. DARLING, Respondent, v. THOMAS B. SCOTT, Appellant.— Judgment and order reversed and new trial granted, with costs to abide the event, upon the ground that it was error to the substantial prejudice of the defendant for the trial justice to take out of the case (as he did in effect) in his instructions to the jury, the variance in the length of the strainer from twenty feet to fifty feet as an item or element in plaintiff's performance of the contract. We think that at least the question whether or not the variance was material should, upon the evidence, have been submitted to the jury. Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ., concur.

VIOLET F. DAVIS, as Administratrix, etc., of WILLIAM C. DAVIS, Deceased, Respondent, v. MICHAEL J. SALTSER and MICHAEL WEINSIER, Copartners, etc., Appellants.— In the interests of justice a new trial should be had. Counsel in examining a juror, who was in the insurance business, remarked, " Then you issue policies such as this thing here," which suggested that defendants had insurance protection. Although the General Highway Traffic Law (Laws of 1917, chap. 655) does not apply in the city of New York (§ 3), the court charged its requirement* that in " turning a corner of intersecting streets, a vehicle shall be driven with extreme caution," which goes beyond the law applicable to this street corner.† Although no exception was taken to this charge, such error affected the result. Judgment and order reversed and a new trial granted, with costs to abide the event. Jenks, P. J., Rich, Putnam, Kelly and Jaycox, JJ., concur.

---

* See *post*, p. 965.— [REP.

† See § 11, subd. 3. See, also, Code of Ordinances of City of New York, chap. 24, art. 2, § 11, subd. 4.— [REP.